UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CAPITOL FUTURES GROUP a/k/a and d/b/a FIRST CAPITAL GROUP<br><br>and<br><br>DAVID MICHAEL KOGAN.<br><br>Defendants. | CIVIL ACTION NO.<br>:09-00488-CV-W-DW |

# CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANTS

Plaintiff U.S. Commodity Futures Trading Commission (CFTC) has filed a Complaint for Injunctive and Other Equitable Relief and for Civil Monetary Penalties under the Commodity Exchange Act (ECF Doc. No. 1) and moved for a preliminary injunction. The Court has considered the pleadings, exhibits, and suggestions filed in support of the CFTC's *Ex Parte* Motion for Statutory Restraining Order, Expedited Discovery, Order to Show Cause Regarding Preliminary Injunction and Other Equitable Relief (ECF Doc. No. 5). The Court finds that Defendants First Capitol Futures Group a/k/a and d/b/a First Capital Group ("First Capital) and David Michael Kogan ("Kogan") authorized and acknowledge service of the Summons and Complaint via their legal counsel, Gary M. Sinclair, Esq. (ECF Doc. Nos. 15 and 16), admit to this Court's jurisdiction over them and the subject matter of this action, and admit that venue lies properly with this Court. The Court further finds that Defendants, without admitting or denying

the allegations of the Complaint, consent to the entry of this Order. The Court also finds that Defendants' consent to this Order is entered into voluntarily and that no promise or threat has been made by the CFTC, or by any member, officer, agent, or representative of the CFTC, to induce Defendants to consent to this Order.

As it appears to the Court that there is good cause to believe that Defendants have engaged, is engaging in, or is about to engage in violations of the Commodity Exchange Act (the Act), 7 U.S.C. §§ 1 *et seq*. (2006); the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 (CRA)), §§ 13101-13204, 122 Stat. 1651; and CFTC Regulations, 17 C.F.R §§ 1 *et seq.*, and that this is a proper case for granting a preliminary injunction to preserve the status quo, protect public customers from further loss and damage, and enable the CFTC to fulfill its statutory duties, the Court finds as follows:

I.

***Jurisdiction and Venue***

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act; the Act, as amended by the CRA; and the Regulations, the CFTC may bring an action in the proper district court of the United States against such person to enjoin such practice, or to enforce compliance with the Act; the Act, as amended by the CRA; and the Regulations.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because the acts and practices in violation of the Act; the Act, as amended by the CRA; and the Regulations occurred within this District.

## II.

### *Prohibition from Violations of the Act and Regulations*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

Defendants, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

1. engaging in conduct in violation of Section 4b(a)(1)(A)-(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C); Section 4c(b) of the Act, 7 U.S.C. § 6c(b); and CFTC Regulation § 33.10(a)-(c); and

2. engaging in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4) (2006) (commodity interest), including but not limited to, the following:

   A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

   B. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1)) (commodity options), and/or foreign currency (as described in Section 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be

codified at 7 U.S.C. § 2(c)(2)(C)(i)) (forex contracts) for their own personal account or for any account in which they have a direct or indirect interest;

C. having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2009);

G. acting as a principal (as that term is defined in Regulation 3.1(a)), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in Commission Regulation 4.14(a)(9); 17 C.F.R. § 4.14(a)(9) (2009).

## III.

### *List of Entities Through Which Defendants Traded*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

Within five (5) business days following the entry of this Order, the CFTC shall provide to counsel for Defendants a list of all individuals, groups, organizations, businesses, and agent(s) of such individuals, groups, organizations, or businesses through which the CFTC believes Defendants, directly or indirectly and for or on behalf of themselves or others, traded commodity futures, security futures, options on futures, forex, or forex options since January 1, 2007. Within five (5) business days following receipt of such list, Defendants shall provide written verification to the CFTC that the list constitutes a complete and accurate list of all such individuals, groups, organizations, businesses, and agent(s) of such individuals, groups, organizations, or businesses. In the event that Defendants must supplement the list in order to accurately provide such verification, Defendants shall furnish to the CFTC, contemporaneously with the verification required pursuant to this paragraph, a supplemental addendum containing the names, addresses, telephone numbers, and amounts deposited with respect to each individual, group, organization, business, and agent(s) of such individual, group, organization, or business that was omitted from the list.

## IV.

### *List of Entities and Individuals Associated with Defendants*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

Within five (5) business days following the entry of this Order, the CFTC shall provide to counsel for Defendants a list of all individuals, groups, organizations, businesses, and agent(s) of such individuals, groups, organizations, or businesses that have solicited, accepted, or received

funds, securities, or property on behalf of Defendants to trade commodity futures, security futures, options on futures, forex, or forex options since January 1, 2007. Within five business days following receipt of such list, Defendants shall provide written verification to the CFTC that the list constitutes a complete and accurate list of all such individuals, groups, organizations, businesses, and agent(s) of such individuals, groups, organizations, or businesses. In the event that Defendants must supplement the list in order to accurately provide such verification, Defendants shall furnish to the CFTC, contemporaneously with the verification required pursuant to this paragraph, a supplemental addendum containing the names, addresses, and telephone numbers of each individual, group, organization, business, and agent(s) of such individual, group, organization, or business. that was omitted from the list.

V.

*Force and Effect*

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. The June 30, 2009 Order (granting Plaintiff's *Ex Parte* Emergency Motion) (ECF Doc. No. 8) shall remain in full force and effect until further order of this Court.

**SO ORDERED**, this 13 day of Aug, 2009, at Kansas City, Missouri.

DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF MISSOURI

David Kogan, President
First Capitol Futures Group, Inc.
a/k/a and d/b/a First Capital Group

David Michael Kogan, an individual

Date: July 31, 2009

Approved as to form and content:

Gary M. Sinclair
Attorney at Law
2043 N. Mohawk Street
Chicago, IL 60614
Attorneys for Defendants

Date: July 31, 2009

Jeff Le Riche (MO #46557)
Jo Mettenburg (KS #19423)
Jennifer J. Chapin (MO #50554)
Peter L. Riggs (MO #57268)
U.S. Commodity Futures Trading
Commission
Division of Enforcement
Two Emanuel Cleaver II Blvd., Ste. 300
Kansas City, MO 64112
816-960-7745 (Le Riche)
816-960-7744 (Mettenburg)
816-960-7746 (Chapin)
816-960-7748 (Riggs)
Fax: (816) 960-7750

Date: ~~July ___, 2009~~ August 6, 2009